Helson, J.,
delivered the opinion of the Court.
It is charged, among other matters in complainant’s bill, that complainant and- various others, who are made defendants, are the only children and heirs at law of John Parker, Sr., deceased, who died intestate, in Henderson county, in the year 1864; that *244 lie was the owner of a large real and personal estate; that James C. Parker was duly appointed and qualified as his administrator, and has paid all the debts against the estate; that complainant and others, being part of the heirs, filed their petition in the Circuit Court of said county, on the 30th August, 1866, against the remaining heirs, and such proceedings were had in said cause, that the lands in Henderson 'county were sold January 12, 1867, by James M. Priddy, Clerk, on a credit of twelve and twenty-four months, for the aggregate sum of twelve thousand seven hundred and forty-two dollars; that complainant became a purchaser of parts of the lands, and paid, on the day of sale, five hundred and fifty-six dollars, and executed his notes, with security, for the residue of five thousand and six dollars, payable to said clerk for the use of the heirs, and that upon one of the notes the clerk recovered judgment on motion, in said Circuit Court, for two thousand five hundred and nineteen dollars and sixteen cents, upon which execution was issued to the sheriff of said county, March 18, 1868, and was in the hands of his deputy on the 2d May, 1868, when this bill was filed. Complainant alleges that there were, originally, ten heirs to the estate; that including his own, he is, in the manner detailed in the bill, the owner of five shares thereof; that the personal estate in the hands of the administrator amounts to about ten thousand dollars; that said Priddy has collected about three thousand dollars of the proceeds of the land; and that, after giving all *245 just and proper credits, complainant will be entitled to about six thousand dollars, "on a final settlement of the estate.
It is further charged, that in 1867, the said administrator filed his bill in the Chancery Court at Lexington, in which this bill was also filed, for the purpose of obtaining an account of advancements, and a final settlement of the entire estate; that the amount due complainant is considerably more than the amount of the notes executed to the clerk; and complainant therefore prays a temporary injunction to enjoin the collection of said execution, until an account can be taken, and a ..settlement made in said cause; and that said injunction may, then, be made perpetual. The clerk, the sheriff, and the heirs and distributees are made defendants; and the bill also contains a prayer for general relief.
An injunction was duly granted in the cause, on the 9th May, 1868, and at October Term, 1869, the same was dissolved, and the bill dismissed, on motion, for want of equity, and because the Chancellor was of .opinion that the Chancery Court has no jurisdiction, or authority, to restrain and enjoin the clerk of the Circuit Court in the execution, of the orders and decrees of said Court.
This cause was brought here by writ of error and supersedeas; and to sustain the action of the chancellor, the solicitor for defendant, Priddy, relies upon Deaderick v. Smith, 6 Hum., 147; Whiteside v. Latham, 2 Col., 93, and Smith v. Johnson, 2 Heis., 225. Heither of these cases sustains the action of the *246 chancellor under the present state of the law. In Deaderick v. Smith, it seems that McGregor, as a purchaser at a chancery sale, executed his notes to the Clerk and Master of the Chancery Court at Kranklin, under whose authority the sale was made. The Master obtained judgments at law 'upon these notes, in the Circuit Court of Rutherford and Davidson counties; and the Chancery Court ■ at Drank-lin afterwards rendered judgment on the same notes. McGregor filed his bill in the Chancery Court at Murfreesboro, to enjoin two of the judgments, and also appealed from the decree of the Chancery Court at Dranklin. It was held that the Chancery Court at Murfreesboro had no jurisdiction to interfere with the Chancery Court at Kfanklin, and its decree for the amount of the three notes was affirmed, but the judgments at law were enjoined. In that case, it was insisted that the Chancery Court at [Franklin had no jurisdiction to render judgment upon the sale notes, but it was held that the purchaser had become a party to the suit, and that the court had the inherent power to enforce its own judgments and decrees, and this case has been ever since followed.
In Whiteside v. Latham, judgment- was rendered against the sureties, alone, of a deceased purchaser, and they filed their bill for the purpose of having the administrator made a party, and of having the property of their principal exhausted. In that case it was declared, that if the judgment of the Circuit Court of Grainger was erroneous, the Chancery Court *247 could give no relief, and that the Chancery Court had no jurisdiction to interfere with the decree of the Circuit Court. It is not necessary here, to declare whether, upon the facts, we approve the opinion in that case.
In Smith v. Johnson, the Chancery Court at Murfreesboro had rendered a decree, and a bill was filed in■ the Chancery Court at McMinnville, to enjoin it; and we held that this could not be done, as the two courts were of equal jurisdiction, and that the court which first obtained jurisdiction had the right to proceed without interference from the other. 2 Heis., 225.
In all these cases, it will be observed, the validity of the judgments was attacked in other courts of equal jurisdiction, but in the cáse now before the Court, no effort is made to assail the judgment, or to interfere with the jurisdiction of the Circuit Court in pronouncing it. There can be no question that the Circuit and County Courts, as the law now stands, have concurrent jurisdiction with the Chancery Courts, so far as to direct the partition, or a sale in place of partition, of real estate: Code, 8266,' 3293, 4233, 4302; and may also provide for the distribution of the proceeds of sale under Article 8, p. 616. And under thé general provisions of the Code, as well as the principles declared in Deaderick v. Smith, there can be no doubt that the Circuit Court had jurisdiction to render the judgment in favor of' the clerk. See, also, Still v. Boon, 5 Sneed, 380. But, although *248 the Circuit Court had jurisdiction to order the partition or sale, and to direct the distribution of the proceeds of sale, the complainant’s hill was filed in the appropriate tribunal.
Adequate redress cannot be obtained in the Circuit Court, for the reason that it has no jurisdiction over the final settlement of the entire estate, real and personal; but as the Chancery Court is clothed with full jurisdiction over the whole subject, it is the proper forum in which the complainant should proceed. If it is true, as he alleges, that he is the owner of one half of the proceeds of the entire estate; that the estate is not indebted; that his shares amount to more than the amount of the notes executed by him to the clerk; and that a bill has been actually filed for the purpose of obtaining a final settlement of the estate, it would he alike useless and expensive to force him to pay the money into the hands of the clerk, to be paid over by him to the parties interested, and finally to he paid hack into the hands of complainant. The relief sought by the complainant is in the nature of an equitable set-off. The Circuit Court could not allow this under the provisions of the Code, 2918 to 2.926, and 2947, as it has no power to ascertain the complainant’s share of the entire estate.
As the hill alleges that all the debts against the estate are paid, and the fund, when collected, would be held by the clerk, as trustee for all the heirs; and as the entire estate was in process of *249 final settlement when tlie bill ivas filed, tliere seems to be “ a natural equity” in allowing tbe complainant to set-off Ms interest in tbe estate, or so mucb thereof as may be necessary, against tbe judgment in favor of tbe clerk. Set-off is one of the heads of equity jurisdiction; and it bas been well remarked that courts of equity will extend tbe doctrine of set-off, and claims in tbe nature of set-off, beyond tbe law, in all cases where peculiar equities intervene between tbe parties.” 2 Sto. Eq. Jur., 4tb ed., § 1487 a. See, also, 1 Spence Eq. Jur., 650; Waterman on Set-off, 18; Brazelton v. Brooks, 2 Head, 194.
It is held in Wright v. Ray, 3 Hum., 69, 70, that a party will not be allowed, by process of law, to collect money which, when collected, would not be bis, either by law or in equity, but would, in equity, belong to tbe judgment debtor; and there is no difference, in principle, between that case and this.
In this case, however, no satisfactory reason is shown why tbe complainant did not seek relief by answer and cross-bill, or by cross-bill alone, in tbe suit brought by tbe administrator for a settlement; or why be did not, by motion or otherwise, cause this suit to be consolidated with that, or beard at tbe same time, so as to save costs; and for this reason, it is proper that be should be charged with part of the costs of this cause.
Let tbe Chancellor’s decree, therefore, be reversed, and tbe cause remanded; and let the complainant *250 pay one half the costs of this cause in this Court and in the Court below, up to the time of granting the writ of error, and the other half be adjudged against the defendants.